```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC# _____
- - - - - - - - - - - - - - - - - - - - - x  DATE FILED: 5/24/11
```

| | |
|---|---|
| BMW FINANCIAL SERVICES N.A. LLC, : | |
| Plaintiff, : | 08 Civ. 10072 (JGK) (AJP) |
| -against- : | **REPORT AND RECOMMENDATION** |
| COX NISSAN, INC. & KEITH COX, : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable John G. Koeltl, United States District Judge:**

On December 7, 2010, Judge Koeltl granted summary judgment on liability to plaintiff BMW Financial Services, and referred the matter to me for an inquest as to damages. (Dkt. No. 62: Order; see also Dkt. No. 61: Order of Reference; Dkt. No. 60: Order.) BMW Financial submitted its inquest papers on April 22, 2011 (Dkt. No. 72: Motion; Dkt. No. 73: Powhida Aff.; Dkt. No. 74: Burnside Aff.; Dkt. No. 75: Aff. of Service.) Neither defendant Cox Nissan nor Keith Cox has filed papers in opposition to the motion for inquest damages, and the time to do so has passed.

## FACTS[1]

BMW Financial and Cox Nissan entered into an Inventory Financing and Security Agreement, and Addendum, on December 27, 2007. (Dkt. No. 1: Compl. ¶ 7 & Exs. A-B.) In

---

[1] Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

2

addition, Cox Nissan executed a Master Promissory Note to BMW Financial. (Compl. ¶ 9 & Ex. C.) Keith Cox executed a Guaranty, guaranteeing the full payment of all of Cox Nissan's obligations to BMW Financial. (Compl. ¶ 16 & Ex. F.)

Cox Nissan defaulted by failing to make payment under the Financing Agreement and Master Promissory Note when due, and "by selling vehicles out of trust, i.e., failing to remit payment to BMW [Financial] at the time the vehicles were sold." (Compl. ¶¶ 20-21.) Cox Nissan's breaches gave BMW Financial the right to accelerate the entire amount outstanding, which it did, and Cox Nissan did not cure the breach. (Compl. ¶¶ 22-24.)

In support of the inquest, BMW Financial submitted the affidavit of Jeffrey Burnside, a BMW Financial Commercial Finance Manager, who was personally involved in BMW Financial's lending relationship with Cox Nissan. (Dkt. No. 74: Burnside Aff. ¶ 1.) Burnside's affidavit explains the amount BMW Financial loaned to Cox Nissan, and attaches BMW Financial's business record, the "Trial Balance" sheet for loans to Cox Nissan. (Burnside Aff. ¶¶ 11-15 & Ex. I: Trial Balance Sheet.) Burnside also attaches business records reflecting the auction sale and expenses incurred by BMW Financial in the sale of the Cox Nissan collateral (i.e., vehicles). (Burnside Aff. ¶¶ 17-21 & Exs. J-O.) BMW Financial's business records reflect a balance of $6,788,347.36 owed by Cox Nissan (and hence also by Keith Cox), as of November 30, 2009. (Burnside Aff. ¶ 22 & Exs. O-P.)[2]

---

[2] The legal fees included in the "Fees & Expenses" are further supported by the Powhida affidavit and the law firm billing records attached thereto as Exhibit A. (Dkt. No. 73: Powhida Aff. & Ex. A.) The Court finds the attorneys' hourly billable rates to be reasonable.

## ANALYSIS[3/]

The Court finds that the amount due to BMW Financial by Cox Nissan is fully supported by BMW Financial's computerized business records and the Burnside Affidavit. Accordingly, Cox Nissan owes BMW Financial $6,788,347.36 as of November 30, 2009. In addition, because Keith Cox guaranteed Cox Nissan's obligations, he to is liable to BMW Financial for that amount.

Finally, BMW Financial seeks interest at the New York statutory rate of 9% for the period December 1, 2009 to date. (Burnside Aff. ¶ 22 & Ex. G: Keith Cox Guaranty ¶ 5(d) (Guaranty governed by New York law).) Accordingly, BMW Financial is entitled to interest of $903,873 through today (May 24, 2011), and interest of $1,673.84 per day thereafter.[4/]

## CONCLUSION

The Court should award plaintiff BMW Financial judgment against defendants Cox Nissan and Keith Cox for $6,788,347.36 plus $903,873 in interest for the period November 30, 2009 through May 24, 2011, plus interest of $1,673.84 per day thereafter until judgment is entered. BMW Financial will give defendants credit against the judgment for the net proceeds from the sale of remaining collateral. (See Burnside Aff. ¶¶ 23-24.)

---

[3/] The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

[4/] From November 30, 2009 to May 24, 2011 there are 540 days. Interest on $6,788,347.36 at 9% is $1,673.84 per day, and $903,873 for the 540 days.

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, 500 Pearl Street, Room 1030, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Koeltl (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:     New York, New York
           May 24, 2011

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies to:   Alexander Powhida, Esq. (Fax & ECF)
             Keith Cox (Regular & Certified Mail)
             Judge John G. Koeltl